1   415
6   158
25* 461,
32*1082

[No. 91. Decided December 3, 1890.]

EUGENE W. WAY v. THE TERRITORY OF WASHINGTON.

GAMING—DESTRUCTION OF GAMBLING APPARATUS—PRESUMPTIONS.

Under a statute permitting the destruction of gambling apparatus seized and held as evidence upon the trial, where the record is silent as to how the apparatus came into the possession of the sheriff, the court cannot presume that such possession was wrongfully obtained, or that the recitals and order of the court directing the destruction were unauthorized.

*Appeal from District Court, King County.*

Indictment against E. W. Way for the crime of permitting faro to be dealt upon his premises. Plea of guilty, motion in arrest of judgment denied, and defendant sentenced to pay a fine of $500 and costs amounting to twenty dollars. The court also ordered the destruction of certain gaming apparatus which was seized in the possession of defendant. Defendant appeals.

*Robinson & Farwell,* for appellant.

*E. M. Carr,* Prosecuting Attorney, for The Territory.

The opinion of the court was delivered by

ANDERS, C. J.—The facts in this case are similar in all respects to those of the case of *Foster v. Territory, ante,* p. 411, just decided by this court, except that in this action the court ordered the destruction by the sheriff, of certain gambling apparatus which was seized in the possession of the defendant and held as evidence upon the trial. Appellant claims that the statute permits the destruction of such gambling implements only as have been seized under the authority of a search warrant and retained as evidence, and that the property destroyed was not so obtained. It is difficult to see how the method of obtaining the possession of things liable to destruction on ac-

count of their character and the purposes for which they are used could affect the power of the court over them. But it is not necessary to determine that question in this instance, for the reason that the record is silent upon the question of how this "gambling apparatus" came into the possession of the sheriff, and we cannot presume that such possession was wrongfully obtained, or that the recitals and order of the court were unauthorized. And, besides, the record fails to show that any objection or exception was made or taken to the order, and the assignment of errors fails to mention it.

For the foregoing reasons, and those given in the case of *Foster v. Territory*, above mentioned, the judgment of the court below must be sustained.

DUNBAR, HOYT, SCOTT and STILES, JJ., concur.