[No. 734.  Decided March 25, 1893.]

EUGENE W. WAY, *Appellant*, v. JAMES H. WOOLERY, *Respondent*.

COURTS — TRANSFER OF JURISDICTION FROM TERRITORIAL TO STATE COURTS — COMMITMENT — HABEAS CORPUS.

Under the provisions of the enabling act and constitution of this state, which operated to transfer causes pending in the supreme court of the Territory of Washington to the supreme court of the State of Washington, the state supreme court acquired all the powers of the territorial court under the statutes of the territory, to remand criminal cases to the successors of the territorial district courts for the execution of its judgments.

A commitment directed to the Sheriff of King county in the State of Washington, which directs him to commit a defendant to the county jail in the county of King and Territory of Washington, is sufficient to authorize the detention of the prisoner.

*Habeas corpus* will not lie to secure the release of a prisoner on
the ground that he has been committed under the judgment of the
supreme court of the state, until a certain fine and costs are paid,
and the judgment for costs is in fact in favor of the Territory and
not of the State of Washington, when the commitment does not re-
quire the payment of such costs as a prerequisite of the prisoner's
discharge.

*Appeal from Superior Court, King County.*

*Winsor & Farwell,* for appellant.

*J. F. Miller, A. G. McBride,* and *James A. Haight,* for
respondent.

The opinion of the court was delivered by

STILES, J.—After the decision of this court in *Way v.
Territory,* 1 Wash. 415 (25 Pac. Rep. 461), the cause hav-
ing been remanded to the superior court of King county,
that court on the 17th day of June, 1892, issued its com-
mitment to the sheriff, commanding him to imprison ap-
pellant until he pay a fine of $500, theretofore assessed
against him, and costs in the sum of $20.

This case arose upon a writ of *habeas corpus* issued by
one of the judges of the superior court of King county, to
examine into the authority of the sheriff to hold the appel-
lant further under his commitment.   The court below
quashed the writ, on motion of the prosecuting attorney,
in pursuance of Code Proc., § 722, without hearing the
grounds claimed by the appellant to warrant his discharge.
Technically, perhaps, the court erred in refusing to hear
the case, since the points raised by appellant were intended
to test the question whether or not the superior court of
King county was a court of competent jurisdiction to issue
the commitment upon which the appellant is confined.
But if the procedure of the court was wrong, we do not
find that its judgment was so.   The gist of the appellant's
argument is that, inasmuch as there was nothing in either
the enabling act which authorized the organization of the

State of Washington, nor in the constitution of the state, which in express language authorized this court to remand territorial criminal cases to the superior courts of the state for further proceedings, the superior court had no jurisdiction in this instance, but that if any commitment could be issued by any court it must have been issued by this court.

We shall not enter upon any review or discussion of the several portions of the enabling act and the constitution which operated to transfer causes pending in the supreme court of the Territory of Washington to the supreme court of the State of Washington. They are clear and unmistakable in their language, and the appellant makes no contention that they did not have the effect to give this court jurisdiction to try and determine the former case.

The mistake which appellant makes in this matter is found, we think, in that he overlooks the fact that when this court came into existence and took possession of cases pending in the territorial supreme court, it also acquired all the powers of the former territorial court under the statutes of the territory, one of which was to remand cases to the successors of the former territorial district courts, namely, the superior courts, for execution of its judgments. Therefore, no express language was necessary, either in the enabling act or the constitution, to effect that object.

But, if this were not enough, almost the first thing which the first legislature of the state did was to enact what is contained in § 2 of the Code of Procedure, viz.:

"SEC. 2. The supreme court shall be a court of record, and shall be vested with all power and authority necessary to carry into complete execution all its judgments, decrees, and determinations in all matters within its jurisdiction, according to the rules and principles of the common law, and the constitution and laws of this state."

Under the laws of this state, which at that time were the

former territorial laws, the prescribed method by which the supreme court carried out its determination in a criminal case was by remanding it to the successor of the territorial court, either for a new trial or for commitment under the former sentence.   Cases cited by counsel all go to the matter of transfer of jurisdiction, not to the disposal of cases under jurisdiction acquired by transfer.

A verbal criticism is made of the commitment in that the direction to the sheriff is that he commit the appellant to the county jail in the county of King and *Territory* of Washington.   But the caption of the commitment shows it to have been intended for the sheriff of King county in the *State* of Washington, and the absolute direction is that the confinement be in the *said* county.   We read the paper as if it were written "King county, Washington," rejecting the words "Territory of," as at that date they had no meaning.

Again, it is claimed that the prosecution of the case transferred to this court should have been in the name of the state rather than in the name of the territory.   The title of the case, it is true, remains "Territory of Washington *v.* Eugene Way," but if any objection could have been made upon that account, it should have been made when that cause was heard, and it is now too late to raise the objection.

It is also said that the judgment for costs was in favor of the territory and not in favor of the state.   The judgment was for $22.25, and that execution issue therefor. The commitment, however, does not require that those costs should be paid as a prerequisite of appellant's discharge.   Only the costs of the superior court are mentioned therein.

The judgment will, therefore, be affirmed.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.